UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JUSTIN HASKIN, )<br>)<br>　　Plaintiff, )<br>)<br>v. ) Cause No.<br>)<br>)<br>US BANK, d/b/a U.S. BANCORP ASSET )<br>MANAGEMENT, INC. )<br>)<br>　　Defendant. ) | MAY 15 PM 2:44<br><br>4:06 CV 0055<br>Richard Alan Enslen<br>Senior, U.S. District Judge |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff Justin Haskin, by counsel Steven T. Fulk, states and complains of the Defendant as follows:

### SUBJECT MATTER JURISDICTION

1. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this claim based on diversity.

2. The amount in controversy is an amount that exceeds $75,000.00.

3. The parties are citizens of different states: Plaintiff Justin Haskin is a resident of Indiana; US Bank is a for-profit business incorporated in Delaware with a principal place of business in Minnesota.

### VENUE, PERSONAL JURISDICTION AND THE PARTIES

4. Plaintiff Justin Haskin resides at 12644 Brookhaven Drive, Fishers, Indiana 46037 and is a resident of Hamilton County, Indiana.

5. Defendant US Bank is a for-profit corporation doing business and contracting for services in the State of Michigan.

1

6. A substantial part of the events giving rise to this cause of action occurred in the Western District of Michigan.

7. This action arises out of the business conducted and services contracted by US Bank in the State of Michigan.

8. Pursuant to Michigan Compiled Law 600.715, the state of Michigan has personal jurisdiction over Defendant; therefore, Defendant resides in Michigan pursuant to 28 U.S.C. § 1391(c).

9. This Court, pursuant to United States Code Title 28 § 1391, is the proper venue for this action.

## FACTUAL ALLEGATIONS

Plaintiff states and complains of the Defendant as follows:

10. On or about March 25, 2005, during a phone conversation with Defendant's agent, Defendant offered to Plaintiff employment as a wholesaler of mutual fund products.

11. In subsequent conversations, Defendant's agent, orally represented to Plaintiff the terms by which Plaintiff would be compensated for work performed for Defendant; said terms outlined by Defendant's agent were the same terms found in the 2005 US Bank Line-of-Business Incentive Plan Provisions (attached and incorporated herein as Exhibit A) and the 2005 Incentive Performance Measures & Award Calculations (attached and incorporated herein as Exhibit B).

12. Defendant's agent further represented that Plaintiff could earn up to $400,000 annually if Plaintiff doubled his sales goals.

13. In a phone conversation on or about March 30, 2005, Plaintiff accepted Defendant's offer of employment, and thereafter began work for Defendant on April 11,

2005.

14. Plaintiff signed an employment contract.

## COUNT I
## BREACH OF CONTRACT

Plaintiff states and complains of the Defendant as follows:

15. Paragraphs 1-14 are here incorporated by reference.

16. While employed by Defendant, Plaintiff doubled his sales goal.

17. Defendant did not pay Plaintiff what he was owed pursuant to the 2005 US Bank Line-of-Business Incentive Plan Provisions and the 2005 Incentive Performance Measures & Award Calculations, an amount approximating $167,872.30.

18. Defendant did not pay Plaintiff what he was owed pursuant to the oral contract formed during Plaintiff's phone conversation with Defendant's agent.

19. Defendant breached his contract with Plaintiff.

20. Due to said breach, Plaintiff resigned his employment with Defendant on or about October 2, 2005.

21. Plaintiff has sustained compensatory, incidental, and consequential damages as a result of Defendant's breach.

WHEREFORE, Plaintiff Justin Haskin, by counsel, respectfully prays the Court to award Plaintiff compensatory, incidental and consequential damages to make him whole and give him the benefit of the parties' bargain; to grant Plaintiff the costs of this action and attorneys' fees; to grant Plaintiff a jury trial on those issues triable by jury; and to allow such additional relief the Court deems just and proper in the premises.

## COUNT II
## ACTUAL AND CONSTRUCTIVE FRAUD

Plaintiff states and complains of the Defendant as follows:

22. Paragraphs 1-21 are here incorporated by reference.

23. In said conversations described in Paragraphs 10-13, Defendant misrepresented to Plaintiff the amount of money Defendant would pay to Plaintiff in compensation for work performed by Plaintiff.

24. At the time the misrepresentations were made, Plaintiff was employed by a different company making an annual income of approximately $250,000.00.

25. Defendant made said representations knowing them to be false and fraudulent, with the intention of deceiving and inducing Plaintiff to quit his employment and accept Defendant's employment offer.

26. Plaintiff relied upon Defendant's misrepresentations and thereby was induced to quit his employment and accept Defendant's offer of employment.

27. As a result of Defendant's fraudulent conduct, Plaintiff suffered actual, incidental, and consequential damages.

WHEREFORE, Plaintiff Justin Haskin, by counsel, respectfully prays the Court to award Plaintiff actual, incidental and consequential damages to make him whole; to grant Plaintiff the costs of this action and attorneys' fees; to grant Plaintiff a jury trial on those issues triable by jury; and to allow such additional relief the Court deems just and proper in the premises.

## COUNT III

## UNJUST ENRICHMENT

Plaintiff states and complains of the Defendant as follows:

28. Paragraphs 1-27 are here incorporated by reference.

29. Defendant failed to pay the money owed to Plaintiff for work done by Plaintiff pursuant to contract.

30. Defendant retained said money for its own benefit.

31. Defendant's retention of said money constitutes unjust enrichment.

WHEREFORE, Plaintiff Justin Haskin, by counsel, respectfully prays the Court to award Plaintiff those funds by which Defendant was unjustly enriched plus prejudgment interest; to grant Plaintiff the costs of this action and attorneys' fees; to grant Plaintiff a jury trial on those issues triable by jury; and to allow such additional relief the Court deems just and proper in the premises.

I hereby affirm under the penalties of perjury that the foregoing is true.

_____
Justin Haskin, Plaintiff

Respectfully submitted as to form,

_____
Steven T. Fulk
Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

For all counts triable by a jury, Plaintiff demands trial of this matter by jury.

Respectfully submitted,

*[signature]*

Steven T. Fulk
Counsel for Plaintiff

**FULK & ASSOCIATES, ATTORNEYS AT LAW, LLC**
320 Massachusetts Avenue
Indianapolis, Indiana 46204
(317) 423-8822
(317) 423-8891 (fax)